### 12013. JACKSON *v.* THE STATE.

The charge of the court as to the effect of a plea of not guilty upon two counts of the indictment was not subject to the exceptions taken.

It was not error to charge the jury to the effect that they could convict under the second count of the indictment, in which the description of the check alleged to have been forged showed no indorsement, although the check in evidence was indorsed.

DECIDED MARCH 8, 1921.

Indictment for forgery; from Barrow superior court — Judge Cobb. October 28, 1920.

The accused was convicted under the second count of the indictment, which charged him with having in his possession a certain forged false check and draft, knowing it to be false and forged, with the intent to pass it fraudulently upon a named bank, upon which it purported to have been drawn. Grounds 4 and 7 of the amendment to the motion for a new trial are as follows:

(4) Because the court erred in charging the jury as follows: "To this indictment Roy Jackson enters his plea of not guilty. He, at this time, is alone on trial. The effect of that plea is that he says that he is not guilty under either count, and that makes the issue for you to determine, whether he is guilty under the first count, or whether he is guilty under the second count, or whether he may be guilty under one count and not guilty under the other count. His general plea of not guilty makes the issue with the State, which he says is not guilty at all under either count." This charge was error for the following reasons: (*a*) Its wording was so confused and ambiguous that it did not clearly present the issues to be tried. (*b*) It in effect instructed the jury that the defendant was guilty of at least one of the offenses charged in the indictment, and the only question submitted by it was whether

the defendant should be found guilty of either one or more of the offenses charged in the indictment; said charge absolutely excluding from the jury the question of the defendant's innocence of all of the offenses charged in the presentment. (c) The said charge was error for the reason that it instructed the jury that the defendant said his plea of not guilty made the issue with the State that he was not guilty at all under either count in the indictment, but did not instruct the jury that this was really the issue made by said plea; in other words, the said charge instructed the jury that the defendant himself said that such was the effect of his plea of not guilty, but did not even intimate that the court instructed the jury that this claim of the defendant was a correct or proper claim. Nowhere in his charge did the court correct the errors above alleged, by proper instructions to the jury.

(7) Because the court erred in charging the jury as follows: " You will find in the first count of the indictment that the check described therein is a check which is alleged in the indictment to have been indorsed, and you will determine whether the check which has been indorsed, in evidence before you, corresponds in all material particulars to the check which is described in the count. You will find that the check which is described in the second count is not described as having been indorsed, and if you find that the check, which was indorsed, in evidence before you, corresponds with the check which is described in the second count in all particulars, except that the check as described in the second count does not refer to the indorsement, I charge you there still may be a conviction under the second count, if the check in evidence before you corresponds in all other particulars with the check described; that the indorsement of the check would not be a material matter under the allegations in the second count." This was error, for the reason that the indorsement on the check was a material matter under the allegations in the second count in the indictment, and the fact that the second count described an unindorsed check, and the check offered in the evidence was an indorsed check, constituted a material and fatal variance between the allegations of the second count and the check introduced as evidence to support that count.

*Lewis C. Russell, Joseph D. Quillian,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J.   The court did not err in charging the jury as complained of in grounds 4 and 7 of the amendment to the motion for a new trial; the other grounds of the motion are not argued; there is evidence to support the verdict, and the judgment is

Affirmed.   *Broyles, C. J., and Luke, J., concur.*